UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD B. SMITH                           CIVIL ACTION

VERSUS                                     NO. 14-569-BAJ-RLB

ACCUMETRICS, INC.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 3, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD B. SMITH                                               CIVIL ACTION

VERSUS                                                         NO. 14-569-BAJ-RLB

ACCUMETRICS, INC.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 10). The motion is opposed. (R. Doc. 15). Plaintiff has filed a Reply. (R. Doc. 19). For the following reasons, the undersigned recommends that Plaintiff's motion be denied.

## I.  BACKGROUND

On July 31, 2014, Richard B. Smith ("Plaintiff") filed a verified petition in the 19th Judicial District, East Baton Rouge Parish, Louisiana, alleging that his former employer Accumetrics, Inc. ("Defendant") owes him back wages, penalty wages, and attorney's fees pursuant to La. R.S. § 23:631, *et seq.* (R. Doc. 1-2). According to the Petition, Plaintiff was employed as a Regional Business Manger for Defendant from March 4, 2011, until he was terminated on January 4, 2013. (R. Doc. 1-2 at 1). Plaintiff alleges that he received a base salary of $75,000.00, a monthly car allowance of $650.00 a month ($7,800.00 a year), and a commission based upon the achievement of certain quarterly expectations. (R. Doc. 1-2 at 1). Plaintiff claims that he is owed $13,651.00 in unpaid commissions. Plaintiff further claims in the Petition that he is owed $56,411.10 in penalty wages based upon the fact that his "daily rate of pay . . . was $629.79 per day." In total, the Petition expressly seeks recovery of $70,062.10, plus reasonable attorney fees, exclusive of costs and interest.

On the same day, Plaintiff also filed a Memorandum in Support of his Petition. (R. Doc. 1-3). This document asserts that Plaintiff was seeking to recover the following amounts from Defendant:

1. The wages due to Richard B. Smith representing earned commission of $13,651.00.

2. Penalty wages at $626.79 per day from the date of Richard B. Smith's demand dated February 27, 2013, for a total of 90 days accounting to $56,411.10 in penalty wages;

3. Reasonable attorney's fees. (As Richard B. Smith will testify at the hearing on this matter, he entered into a contingency fee contract with the undersigned for payment to his attorney of 1/3 of what he recovers ($13,651.00 + $56,411.10 = $70,062.10 / 3 = $23,354.03).

(R. Doc. 1-3 at 2). In sum, the Memorandum in Support represents that Plaintiff is seeking the state court "to award $13,651.00 + $56,411.10 + $23,354.03 or a total of $94,416.13, plus interest and court costs." (R. Doc. 1-3 at 3).

On September 11, 2014, Defendant timely removed the action after it was served the Petition and Memorandum in Support. (R. Doc. 1). The Notice of Removal asserts that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy is $94,416.13, as stated in the Memorandum in Support. (R. Doc. 1 at 2).

On September 22, 2014, Defendant filed a motion to compel arbitration, which is pending before the district judge. (R. Doc. 5).

On October 10, 2014, Plaintiff filed the instant motion to remand asserting that the jurisdictional amount is not satisfied because Plaintiff's daily rate of pay was misstated in the Petition. (R. Doc. 10).

The day before filing his motion to remand, Plaintiff filed a motion for leave to file an Amended Petition. (R. Doc. 9). In support of his motion for leave, Plaintiff asserted that the "Petition incorrectly states that Plaintiff's daily rate of pay is $629.79" and that "Plaintiff's actual daily rate of pay is $318.46." (R. Doc. 9 at 1). On October 13, 2014, Defendant consented to the filing of the proposed Amended Petition, but stated that it "in no way stipulates or agrees that (a) the filing of proposed 'Amended Petition' destroys or defeats federal jurisdiction; or, (b) the amount in controversy herein is less than the $75,000 jurisdictional minimum set forth in 28 U.S.C. § 1332." (R. Doc. 12 at 1). The Amended Petition was entered into the record on November 12, 2014. (R. Doc. 21).

## II.    ARGUMENTS OF THE PARTIES

Plaintiff argues that he has established to a legal certainty that the amount in controversy has not been satisfied. Plaintiff represents that he incorrectly stated in the Petition that his daily rate of pay for the purpose of calculating penalties is $629.79. Plaintiff argues that the correct amount of his daily rate of pay is $318.46, which excludes consideration of his commissions. In light of this correction, Plaintiff argues that the amount in controversy requirement is not satisfied.

In opposition, Defendant argues that the amount in controversy requirement has been satisfied. Defendant argues that the amount in controversy should be deemed to be the amount alleged in the Petition because that Petition was verified by Plaintiff under oath and, therefore, the allegations were made in good faith. Defendant further argues that the court should not apply a "legal certainty" analysis because the amount in controversy was alleged in good faith. Even if the court applies the legal certainty analysis, Defendant argues that Louisiana law supports a finding that commissions are considered when calculating daily rates of pay.

3

In reply, Plaintiff argues that the amount in controversy is not facially apparent because there is clearly a mathematical error in determining that the daily rate of pay is $626.79. Plaintiff argues that if his daily rate of pay was $626.79 as alleged in the Petition, then this would be internally inconsistent with his allegation that his total non-commission wages and allowances were only $82,800.00. Accordingly, Plaintiff argues that the amount in controversy can be clarified through his subsequent filings.

## III. LAW AND ANALYSIS

### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum"

4

removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

### B. Analysis of the Amount in Controversy

As the parties do not dispute that there is complete diversity,[1] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The court will first consider whether the amount in controversy was satisfied based on Plaintiff's assertions in the initial pleading. The court will then consider whether the facts alleged by Plaintiff in his Amended Petition divest this court of jurisdiction.

---

[1] Plaintiff is a citizen of Louisiana. (R. Doc. 1 at 1). Defendant is a citizen of Delaware and California. (R. Doc. 1 at 2).

Plaintiff's claim for lost wages exposes Defendant to potential back pay, penalties, and attorney's fees. Upon discharge or resignation of an employee, an employer has a duty "to pay the amount then due under the terms of employment." La. R.S. § 23:631(A)(1). An employer's failure to comply with § 23:631 triggers the penalty provision found at La. R.S. § 23:632. If the penalty provision applies, then the employer is exposed to up to an additional ninety days of wages. La. R.S. § 23:632(A).[2] Furthermore, a successful plaintiff is statutorily entitled to reasonable attorney's fees. La. R.S. § 23:632(C).[3]

The Petition specifically seeks recovery, in pertinent part, of "$70,062.10 . . . plus all reasonable attorney's fees for the prosecution of this case." (R. Doc. 1-2 at 3).[4] Accordingly, if the amount demanded in the Petition was made in good faith, it "shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("Where the plaintiff has alleged a sum certain that exceeds the requisite amount on controversy, the amount controls if made in good faith.") (*citing St. Paul Mercury*, 303 U.S. at 289)).

Potential attorney's fees recoverable pursuant to La. R.S. § 23:632(C) are included in determining the jurisdictional amount under 28 U.S.C. 1332(a). *See Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citations omitted). Considering that the amount

---

[2] "[A]ny employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages." La. R.S. § 23:632(B).

[3] "Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation." La. R.S. § 23:632(C).

[4] The court need not determine whether Plaintiff has appropriately alleged a specific amount sought in accordance with Louisiana procedural law.

sought is the Petition is $70,062.10, the amount in controversy requirement is satisfied by the potentially recoverable attorney's fees, which certainly exceed $5,000.00 and may even exceed a standard one-third contingency. *See*, *e.g.*, *Chesterfield v. Genesis Hospice, L.L.C.*, 137 So.3d 22 (La. App. 1 Cir. 2013) (attorney's fee award of $5,000 where plaintiff was awarded $4,300 in unpaid past wages, vacation leave, and mileage reimbursement); *Webb v. Roofing*, 121 So.3d 756 (La. App. 2 Cir. 2013) (attorney's fee award of $35,000 where unpaid and penalty wages totaled approximately $26,000); *Jeansonne v. Schmolke*, 40 So. 3d 347 (La App. 4 Cir. 2010) (attorney's fee award of nearly $23,000 where unpaid and penalty wages totaled approximately $44,000). Indeed, the Memorandum in Support provides that the "reasonable attorney's fees" sought equaled one-third of $70,062.10, bringing the total amount sought in recovery to $94,416.13. (R. Doc. 1-3 at 3). Whether considered an "other paper" on which removal could have been independently premised,[5] or a document external to the Petition that clarifies the amount in controversy,[6] the Memorandum in Support leaves no doubt that the amount in controversy requirement was satisfied at the time of removal.

Plaintiff filed a verified petition, swearing under oath that the allegations in the Petition "are true and correct to the best of his knowledge, information and belief." (R. Doc. 1-2 at 5).

---

[5] The Notice of Removal specifically references the Supporting Memorandum for the proposition that the amount in controversy in the case is $94,416.13." (R. Doc. 1 at 2). It does not, however, premise removal upon the receipt of an "other paper" pursuant to 28 U.S.C. § 1446(c)(3)(A). The distinction between whether the Defendant removed based on receipt of the Petition or receipt of an "other paper" is largely academic, however, because both documents were filed on the same date and served on Defendant on the same date.

[6] A written instrument attached to a pleading as an exhibit is a part of the pleading for all purposes. La. Code Civ. P. art. 853; Fed. R. Civ. P. Rule 10(c); *see also Jennings v. Prejean*, 44 So. 2d 325, 327-28 (La. 1950) ("It is elementary in the rules of pleading that where an exhibit in the form of some instrument or document is attached to a petition, the recitals or contents of the exhibit govern and control the allegation of the petition itself."). Although filed at the same time of the Petition, the Memorandum in Support appears to be a separate filing and is not incorporated by reference into the Petition.

The court finds that the assertion of the sum demanded in the Petition was made in good faith and "shall be deemed to be the amount in controversy." *See* 28 U.S.C. § 1446(c)(2).[7]

Plaintiff asserts, however, that he can defeat diversity by showing to a legal certainty that the amount in controversy does not exceed $75,000, exclusive of interest and costs. A plaintiff may only prove that there is a "legal certainty" that the amount in controversy requirement is not satisfied if he or she has made "all information known at the time he files the complaint" that would have a bearing on the amount in controversy. *De Aguilar*, 47 F.3d at 1412. Plaintiff asserts that he miscalculated his "daily rate of pay" in the Petition for the purpose of alleging potentially recoverable "penalty wages" pursuant to La. R.S. 23:632(A). Plaintiff claims that his "daily rate of pay" should not have considered his commissions and accordingly, should have been alleged as $318.46 (which only considers non-commission wages and allowances) instead of as $626.79 (as alleged in the Petition). Plaintiff argues that there was a legal certainty that the amount in controversy was not satisfied because his penalty damages should have been calculated to be $28,661.54 (as opposed to $56,411.10) and the total amount of unpaid and penalty wages sought to be recovered should have been $42,312.54 (as opposed to $70,062.10).

The court disagrees with the Plaintiff's analysis because it relies on the false premise that the law necessarily requires a calculation of his "daily rate of pay" to exclude his compensation from commission. There is legal support for incorporating commissions for the purpose of calculation penalty wages. *See Jeansonne v. Schmolke*, 40 So.3d 347, 361-62 (La. App. 4 Cir. 2010) (commission could be used in determining daily rate of pay for the purpose of calculating statutory penalties where employee was solely paid on commission); *see also Webb v. Roofing*

---

[7] It is arguable the Petition does not demand a specific sum exceeding the amount in controversy because it only specifically seeks recovery of $70,062.10 plus an unstated amount of attorney's fees. The court, therefore, alternatively finds that it is facially apparent that the amount in controversy is satisfied. Moreover, the Supporting Memorandum would clarify any ambiguity that the amount in controversy requirement is satisfied.

8

*Analytics, LLC*, 121 So.3d 756 (La. App. 2 Cir. 2013) (appearing to base penalty wages solely on commissions); *but see Schuyten v. Superior Systems, Inc.*, 952 So. 2d 98 (La. App. 1 Cir. 2006) (reducing award for penalty wages because trial court considered commissions). Indeed, Plaintiff's own Memorandum in Support argues that "[f]or purposes of La. R.S. 23:361 (sic) **and 632**, wages include sale commissions." (R. Doc. 1-3 at 2) (emphasis added).[8] In light of this unsettled area of the law, Plaintiff cannot demonstrate that there was a legal certainty at the time of removal that he could not recover the damages alleged in the Petition.[9]

Finally, that Plaintiff has filed an Amended Petition reducing his alleged damages to $42,312.54 plus attorney's fees does not change this result. A post-removal filing seeking to reduce the amount in controversy below the statutory minimum does not destroy jurisdiction. *See*, *e.g.*, *St. Paul Mercury*, 303 U.S. at 292-93 ("[A] plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."). Accordingly, Plaintiff's Amended Petition does not divest this court of subject matter jurisdiction.

---

[8] Plaintiff included the following citations for the foregoing proposition: *Graves v. Automated Commercial Fueling Corporation*, 950 So. 2d 759 (La. App. 1 Cir. 2006); *Patterson v. Alexander & Hamilton, Inc.*, 844 So. 2d 412 (La App. 1 Cir. 2003); and *Becht v. Morgan Buildings & Spas, Inc.*, 822 So. 2d 56 (La App. 1 Cir. 2002).

[9] Similarly, the court rejects Plaintiff's argument, raised in his reply, that the amount in controversy was not facially apparent in light of "a mathematical error." (R. Doc. 19 at 2). Plaintiff has not directed the court to an internal inconsistency in the Petition from which a mathematical error can be ascertained. *Cf. Rouege Trucking, LLC v. Canales*, No. 14-304, 2015 WL 127870, at *1 (M.D. La. Jan. 7, 2015) (amount in controversy was not facially apparent where plaintiff mistakenly alleged that he was seeking premium payments of "$10,108.55 per month x 11 months, or $111,194.00." but the "$10,108.55" figure was the measure of annual, not monthly, payments as demonstrated by an attachment incorporated into the petition). Here, the calculated penalty wages in the Petition were not based on a mathematical error, but on an interpretation of an area of unsettled law.

**IV.    CONCLUSION**

The court has subject matter jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a).  Plaintiff's post-removal Amended Petition does not divest this court of jurisdiction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 10) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 3, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**